**KAUFF MCGUIRE & MARGOLIS LLP**
950 Third Avenue, Fourteenth Floor
New York, NY 10022
(212) 644-1010
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
LAWRENCE DONATO, :
:
               Plaintiff, :
: No. 18 Civ. 4395 (LGS)
  - against - :
:
PEOPLEFLUENT, INC., : **ANSWER**
:
               Defendant. :
---------------------------------------------------------x

      Defendant PeopleFluent, Inc., by its attorneys Kauff McGuire & Margolis LLP, as and for its Answer to the Complaint, respectfully alleges:

**PRELIMINARY STATEMENT**[1]

      1.    The preliminary statement sets forth legal conclusions as to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

**DEMAND FOR JURY TRIAL**

      2.    The demand for jury trial sets forth legal conclusions as to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

---

[1]    For ease of reference, Defendant has incorporated the Complaint's titles or headings within this Answer. By doing so, however, Defendant in no way concedes that these headings contain any factual allegations to which a responsive pleading is required; to the extent they do, any such allegations are denied.

## THE PARTIES

3.      Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in this Paragraph except admits that Plaintiff is an individual.

4.      Admitted.

## JURISDICTION AND VENUE

5.      Paragraph 5 sets forth legal conclusions as to which no responsive pleading is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

6.      Paragraph 6 sets forth legal conclusions as to which no responsive pleading is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

7.      Paragraph 7 sets forth legal conclusions as to which no responsive pleading is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

8.      Paragraph 8 sets forth legal conclusions as to which no responsive pleading is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies such allegations.

## FACTUAL ALLEGATIONS

9.      Admitted.

10.     Denied.

11.     Denied.

12.     Defendant admits that Plaintiff's duties and responsibilities included sales of talent management software and related services.

13. Denied.

14. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in this Paragraph.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Admitted.

35. Denied.

4836-6967-9213.1

36. Denied.
37. Denied.
38. Admitted.
39. Admitted
40. Denied.
41. Admitted.
42. Denied.
43. Admitted.
44. Denied.
45. Denied.
46. Admitted.
47. Denied.
48. Denied.
49. Denied.
50. Denied.
51. Admitted.
52. Denied.
53. Admitted.
54. Denied.
55. Denied.
56. Denied.
57. Denied.
58. Denied.
59. Admitted.

4836-6967-9213.1

60. Admitted.

61. Admitted.

62. Denied.

63. Denied.

64. Admitted.

65. Denied.

66. Denied.

67. Admitted.

68. Admitted.

69. Denied.

70. Denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Denied.

75. Admitted.

76. Admitted.

77. Admitted.

78. Denied.

## FIRST CAUSE OF ACTION
## Age Discrimination Pursuant to the ADEA

79. Defendant repeats and re-alleges its responses to Paragraphs 1 through 78 as if fully incorporated herein.

80. Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in this Paragraph.

81. Paragraph 81 sets forth legal conclusions to which no response is required; to the extent this paragraph is deemed to contain factual allegations, Defendant denies knowledge and information sufficient to form a belief as to such allegations.

82. Paragraph 82 sets forth legal conclusions to which no response is required.

83. Paragraph 83 sets forth legal conclusions to which no response is required.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## SECOND CAUSE OF ACTION
## Age Discrimination Pursuant to the NYSHRL

88. Defendant repeats and re-alleges its responses to Paragraphs 1 through 87 as if fully incorporated herein.

89. Paragraph 89 sets forth legal conclusions to which no response is required.

90. Paragraph 90 sets forth legal conclusions to which no response is required.

91. Denied.

92. Denied.

93. Denied.

## THIRD CAUSE OF ACTION
## Age Discrimination Pursuant to the NYCHRL

94. Defendant repeats and re-alleges its responses to Paragraphs 1 through 93 as if fully incorporated herein.

95. Paragraph 95 sets forth legal conclusions to which no response is required.

96. Paragraph 96 sets forth legal conclusions to which no response is required.

97. Paragraph 97 sets forth legal conclusions to which no response is required..

98. Denied.

99. Denied.

## PRAYER FOR RELIEF

The Prayer for Relief purports to set forth legal conclusions and/or a plea for relief to which no response is required.  To the extent that it may be read as setting forth allegations to which a response is required, Defendant denies such allegations.

## GENERAL DENIAL

Defendant denies each and every allegation, statement, matter and thing in the Complaint that is not otherwise expressly admitted or qualified herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

This statement of defenses and affirmative defenses does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

1. The Complaint fails to state a claim for which relief may be granted.

2. The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

3. To the extent Plaintiff sustained any damages or losses, they were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence, or failure to mitigate its alleged damages, and not by Defendant's acts or omissions.

4. The relief sought by Plaintiff is barred, in whole or part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

4836-6967-9213.1

5. Plaintiff's claims are barred to the extent the applicable administrative procedures and conditions precedent to his claims were not properly effected or complied with prior to the commencement of this action.

6. All actions taken by Defendant with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

7. The employment actions at issue were taken in good faith, and without malice.

8. If and to the extent that any action(s) taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendant expressly denies, Defendant would have taken the same action(s) for non-discriminatory reasons.

9. If any damages or losses were sustained by Plaintiff, such damages or losses were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence or failure to mitigate any of his alleged damages, and not by actions or inactions of Defendant.

10. The Complaint is barred because Plaintiff unreasonably failed to avail himself of policies, programs, and procedures for the prevention and detection of unlawful discrimination.

11. Plaintiff is not entitled to punitive damages for the claims alleged and Defendant has not engaged in willful, wanton, vexatious, or bad faith conduct.

12. The Complaint is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order: (a) denying the relief requested by Plaintiff and dismissing the Complaint in its entirety with prejudice; (b) awarding Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court finds just and proper.

Dated:   New York, New York
         July 16, 2018

                                        Respectfully submitted,

                                        KAUFF McGUIRE & MARGOLIS LLP

                                          */s/ Kenneth A. Margolis*
                                        Kenneth A. Margolis

                                        950 Third Avenue, Fourteenth Floor
                                        New York, New York  10022
                                        Telephone:  (212) 644-1010
                                        Fax:  (212) 644-1936
                                        margolis@kmm.com

                                        Attorneys for Defendant

4836-6967-9213.1